THE PENNSYLVANIA INSURANCE CO. OF PITTSBURG, Defendant in Error, v. GERALDIN, et al., Plaintiffs in Error.

1. Where a policy of insurance on a steamboat for a year contains a stipulation that " in case any note or obligation given for the premium on this risk shall not be paid at maturity, such failure of payment shall, at the option of the company, render this policy void," and the company does avoid the policy on the ground of failure to pay the premium note, the company loses thereby a *pro rata* proportion of the premium, and is entitled to recover such portion only thereof as bears the same ratio to the full amount thereof as the period of the risk -up to the time of the avoidance of the policy bears to the entire period originally covered by the policy.

*Error to St. Louis Court of Common Pleas.*

This was an action to recover the entire amount of a note made by one Newton to defendants and endorsed by them to plaintiff. The note was given in consideration of and as the premium note of a policy of insurance issued and delivered by the plaintiff to the said Newton, whereby plaintiff insured Newton in the sum of four thousand dollars on his steamboat called the " Scotland," for twelve months from August 8, 1857. The insurance was at the rate of twelve per cent. on the sum insured. The policy was subject to

certain conditions and stipulations, amongst which were the following: " In case any note or obligation given for the premium on this risk shall not be paid at maturity, such failure of payment shall, at the option of the company, render this policy void." On the the 16th of February, 1858, the plaintiff, through its agent, in pursuance of this power reserved, declared void and of no effect the policy from the 11th of February, 1858—the date of the maturity and protest of the note—on the ground of the nonpayment of the note. Defendants claimed a deduction from the amount of the note of the sum of two hundred and thirty-six dollars. The court rendered judgment for the plaintiff for the full amount of the premium note, with interest and costs.

*Hamilton*, for plaintiffs in error.

I. The plaintiff having avoided the policy, in pursuance of the authority contained in it, because of the nonpayment of the premium note, one of two consequences follows, either the rescission was total as to the obligation of both parties, or the defendants, having had the benefit of the policy up to the time of its rescission, are only entitled to an abatement from the amount of the note of a rateable proportion of the premium for the unexpired time. (Alliance Mutual Ins. Co. v. Swift's Exec'r, 10 Cush. 434 ; Merchants' Mutual Ins. Co. v. Underwood, 1 Sandf. Sup. 474 ; Hone v. Boyd, id. 481 ; Baumberger v. Commercial Credit Assurance Co. 29 Eng. L. & Eq. 307 ; Small v. Herkimer Man. Co. 2 Comst. 336 ; 2 Parsons on Contr. 189 ; Addison on Contr. 436 ; Chitty on Contr. 461, 625, 742.)

*McClellan, Moody & Hillyer*, for defendant in error.

I. A policy of insurance is one entire thing. It can not be divided into fractions of the time it is to run. Some seasons are more dangerous than others for steamboat navigation. Newton had his boat insured from August 8, 1857, to February 16, 1858. The discontinuance of the policy was the result of his own wilfull carelessness. The consideration

of the note was the issuing of the policy.  The note was due and protested five days before the policy was cancelled.

NAPTON, Judge, delivered the opinion of the court.

This suit grew out of a policy of insurance for one year, containing a stipulation that "in case any note or obligation given for the premium on this risk shall not be paid at maturity, such failure of payment shall, at the option of the company, render the policy void."  Upon the failure of the defendants to pay their premium note at maturity, the policy was declared void and of no effect from that date.  The question is, whether the company is entitled to the full amount of the note, or only to so much of the premium as bears the same proportion to its full amount as the diminished period of the risk does to the entire period originally covered by the policy.

If the effect of the company's action under this stipulation is to annul the policy *ab initio*, the premium note must be considered as annulled also.  But this was not the intent of the clause; nor did the underwriters so understand it, for they declare the policy void only from the date when the declaration is made.  The part risk is therefore understood to have been covered by the policy, and if the whole premium is still due, the policy is converted into one for six months instead of twelve, at a rate of premium double the amount for which the underwriters were originally willing to take the risk.

That this was not the intention of the parties is manifest from the terms in the stipulation.  The cancellation of the policy was left "*to the option*" of the underwriters.  But if the whole note was forfeited or due at the same time that the period of the risk was diminished, what was there for the company to choose between?  There could be but one option about it, and that of course would be to declare the policy void, for by this course they had nothing to lose and everything to gain, and by letting the policy stand they had everything to lose and nothing to gain.  We treat the matter sim-

ply as a business pecuniary transaction. What motives of friendship or policy might influence parties so situated, outside of their contract rights and liabilities, we do not inquire into. It is plain that, looking to pecuniary considerations alone, the company must always declare the policy forfeited whenever the premium note is unpaid after maturity, if the effect of such a declaration is to entitle them to the whole premium and at the same time relieve them of one-half the risk. We might rather say that in such case they take no risk at all, for when the note is past due they have of course incurred no liabilities for past events, and they discharge themselves from all responsibility for the future. This might be otherwise in insurances of sea-going vessels, where the premium note might fall due at a time when the fate of the vessel was unknown, and could not be ascertained; but in reference to our inland navigation, where in a few minutes or at most a few hours the condition of any boat can be ascertained, it could hardly happen that when the premium note fell due the fate of the insured boat would not be fully known to both parties. If a loss had occurred, the premium would of course be paid before or at the time it fell due.

If we understand, however, that when the company declares a forfeiture of the policy, they lose a *pro rata* proportion of the premium, we see why they have retained to themselves the option of annulling the policy prospectively and abandoning a portion of the premium, or of letting the policy stand and with it the liability of the assured for the entire premium. Between these alternatives there is something to choose, and the circumstances which would control the choice will readily suggest themselves.

We think the company was only entitled to a *pro rata* proportion of the premium.

Judgment reversed and the cause remanded. The other judges concur.