AMERICAN INSURANCE CO., APPELLANT V. KLINK.

**Insurance:** PREMIUM NOTE: FAILURE TO PAY INSTALLMENT: SUSPENSION
OF RISK: POLICY TO RE-ATTACH ON PAYMENT: WHAT THE INSURER
MAY RECOVER: PAID-UP POLICY.   Where the charter of an insurance
company provides that the whole of a premium note payable in
installments shall become due upon failure to pay any installment
for thirty days after notice given to the maker of the default and
the penalties incurred under the charter by reason thereof; and by
the charter and a policy issued thereunder, such failure does not
absolutely avoid the policy, but suspends it so that the company is
not liable for a loss occurring during the continuance of such de-
fault, but upon the payment of the note (whether voluntary or en-
forced) the policy revives and re-attaches; in such case the company
may recover the full amount of the note, and not merely such part
as would bear the same proportion to the full amount as that por-
tion of the period of the risk prior to the notice of default bears
to the entire period covered by the policy.   Upon payment of the
full amount the insured becomes the owner of a paid-up policy for
the remainder of the original term.

*Appeal from Moberly Court of Common Pleas.*—Hon. G. II.
BURKHARDT, Judge.

*Rouse & Hollis,* for appellant.

1.   The note, application and policy form the contract
between the parties, and being drawn in conformity to the
company's charter, constitute a legal and binding con-
tract.   Opinion of Drummond, J., in *Payson v. Withers,*
United States Circuit Court, District of Minnesota, June
Term, 1873; *American Ins. Co. v. Gallaher,* 50 Ind. 209;
*Williams v. Albany City Ins. Co.,* 19 Mich. 451.   The whole
contract must be taken together to find the intent of the
parties, and not a particular clause.   *Shuetze v. Bailey,* 40
Mo. 69.

2.   The contract thus formed was for five years' insur-
ance, and not for one year at a time.   And being voluntar-
ily entered into, the parties were bound thereby.   *Keim v.
Home Mut. Ins. Co.,* 42 Mo. 38; *Baker v. Union Mut. Life
Ins. Co.,* 43 N. Y. 283; *Webb v. Protection Ins. Co.,* 14
Mo. 3.

3. The provisions in the charter, the policy and the application are all harmonious with each other. Taken together, they provide, both as *matter of law* and as *matter of contract*, that if an installment of premium should be suffered to remain due and unpaid more than thirty days, the risk should be suspended, the whole note become due, and the company should have the right to sue and collect. *Wall v. Home Ins. Co.*, 36 N. Y. 157. And on payment of the same, voluntarily or otherwise, the policy to attach. Can it then be possible that the intention of the parties was to allow the respondent, at his pleasure, to terminate the contract, and that by violating his own solemn obligation, thereby accomplishing by unlawful means what he could not by lawful means? The policy expressly provides that the contract shall not be terminated by respondent except by actual transfer of the property. *Clark v. Condit*, 11 Mo. 79.

4. Where a policy stipulates that it shall be void if premium is not paid at maturity, it is optional with the *company* to *declare* it void. *Mut. Ben. Life Ins. Co. v. French*, 2 Cin. (Ohio) 321; *Pennsylvania Ins. Co. v. Geraldin*, 31 Mo. 20; *Joliff v. M. M. Ins. Co.*, 39 Wis. 111; and not optional with the insured to terminate the contract, and that by violating it himself.

5. Respondent relies on *Penn. Ins. Co. v. Geraldin*, 31 Mo. 30. The company, in that case, cancelled the policy, and then sued for the whole year's premium. The policy was thus declared dead by the company, never to be revived. In the case at bar, the contract shows plainly that there is only a *suspension* of insurance, while the insured is permitted to carry the money belonging to the company. It is in his power, by the terms of the contract, to avoid the suspension entirely, or to force the policy to attach at any moment, and that by only doing his legal and moral duty.

*Crawley & Rothwell*, for respondent.

1. By the terms of the policy itself, failure to pay any

installment worked a forfeiture of the policy at the expiration of thirty days from the time such installment became due, and the appellant is not entitled to recover the whole note, but only " so much of the premium as bears the same proportion to its full amount of the admissable period of the risk (which in this case is thirty days) does to the entire period originally covered by the policy, viz: five years." *Penn. Ins. Co. v. Geraldin*, 31 Mo. 30.

2. The contract of insurance, by mutual agreement inserted in the policy itself, being rescinded on a failure to pay any installment, both parties are released.    *Alliance Mut. Ins. Co. v. Swift*, 10 Cush. 433.

HOUGH, J.—The plaintiff insured the defendant, on the installment plan, against loss or damage by fire and lightning, to the amount of $1,660, on a certain dwelling house and other property, situated in Randolph County, for the period of five years, from and after the 26th day of October, 1872.    The defendant paid as premium the sum of $9.96 cash, and gave his note for the sum of $39.84, payable in four annual installments.    The application made and signed by the defendant contained the following stipulation : " If any installment upon the premium shall remain due and unpaid thirty days, then the policy issued upon the application, in consideration of such installment, shall be null and void, until the same is paid."

The charter of the plaintiff authorizes the taking of installment notes, and contains the following provisions: " If the maker of such note or notes shall neglect or refuse to pay the amount of any installment for the space of thirty days after the same shall fall due by the terms of such note or notes, then, and in every such case, the policy issued in part or whole consideration of such note or notes, shall be null and void until the same is or are paid, and if any person or persons owing such note or notes, shall refuse to pay any installment for the space of thirty days after the same shall fall due, notice having been given by mail or

otherwise, of the maturity of such note or notes, and of the penalty and forfeitures herein provided, then, and in every such case, the whole note upon which installment is or are due, shall become due and payable, and the said company may proceed at law and collect the whole note or notes given for and in consideration of any policy of insurance, with costs of suit. Upon the satisfaction of any judgment, the policy issued in whole or part consideration of any note or notes upon which suit is brought, shall become in full force and virtue."

The policy issued to the defendant contained the following clauses : "This company shall not be liable for theft at or after a fire, &c." "Nor, if default shall have been made by the assured in the payment of any installment of premium due upon the installment note aforesaid of the assured, for the space of thirty days after such installment shall become due by the terms of such note; provided, however, that on payment by the assured or assigns of all installments of premiums due under this policy and the installment notes given thereon, the liability of this company on this policy shall again attach, and this policy be in force from and after such payment. But this company shall not be liable for any loss happening during the continuance of such default of payment. If the interest of the assured is not properly stated, &c., or if the cash premium shall be unpaid, then, and in every such case, this policy shall be void. When a promissory note shall be given by the assured for the cash premium, it shall be considered a payment; provided, such note is paid at or before maturity. But it is expressly understood and agreed by and between the parties hereto, that should any loss or damage occur to the property hereby insured, and the note given for the cash premium, or any part thereof, remain unpaid and past due at the time of such loss or damage, then this policy shall be void. It is further provided that no attempt by law or otherwise to collect any note given for the cash premium or any installment of premium due

upon any installment note, shall be deemed a waiver of any of the conditions of this policy, or shall be deemed in any manner to revive this policy. But upon the payment by the assured or his assigns of the full amount due upon such note, and costs, if any there be, this policy shall thereafter be in full force."

The plaintiff was duly authorized to do business in this State. The first installment, which fell due in 1873, was paid. Default was made in the payment of the second installment, and after thirty days' notice to the defendant, as required by the charter which was referred to in the policy and made a part thereof, plaintiff brought suit to recover the whole amount of said note remaining unpaid. No loss had occurred prior to the institution of the suit, nor, as far as appears, prior to the judgment.

The only question presented is, whether, on the facts stated, the plaintiff was entitled to recover the full amount of the note, or only such part thereof, as would bear the same proportion to the full amount, as that portion of the period of the risk prior to the notice of default bears to the entire period covered by the policy. The rule allowing only a proportionate amount to be recovered was adopted by the court, and judgment was rendered for the plaintiff for the sum of one dollar, from which an appeal has been taken to this court. The case of the *Pennsylvania Ins. Co. v. Geraldin*, 31 Mo. 30, is relied upon by the defendant to sustain the judgment of the court below. There is a very marked difference, however, between that case and the case at bar. In that case, the failure of the insured to pay the premium note rendered the policy absolutely void, at the option of the company, and the policy was declared to be void and of no effect from that date, and the company was restricted to a recovery of such part of the premium as was proportioned to the diminished period of the risk. In the case at bar, the failure to pay an installment of the note did not, at the option of the company or otherwise, absolutely annul or avoid the pol-

icy, but only suspended it during the continuance of such default, so that if a loss had occurred during the default of the insured, no recovery could be had therefor against the company. But upon the voluntary or enforced payment of the note, if no loss had occurred, the policy would revive and re-attach. The only effect of a default and notice, no loss occurring, was to entitle the company to sue for and recover the entire amount of all the installments, thereby giving the insured, when the sum so recovered was paid, a paid-up policy for the remainder of the original period of five years. Similar stipulations were elaborately considered in the case of *Williams v. The Albany City Ins. Co.*, 19 Mich. 451, and declared to be valid, and we perceive no reason why they should not be upheld in the case at bar.

We express no opinion as to the effect, under the terms of this policy, of a loss occurring after the default and before the recovery of the amount of the premium note, as no such case is before us.

The judgment will be reversed and the cause remanded. The other judges concur.

REVERSED.