*R. R. Jackson,* for plaintiff.

*Robert C. & Philip H. Alston, Herman E. Riddell,* for defendant.

---

## 10211.  BLACKSTOCK v. JEFFERSON INSURANCE AGENCY.

JENKINS, J. This was a suit upon a promissory note given by the defendant to the plaintiff in payment of a premium upon a fire-insurance policy issued to the defendant and another upon certain buildings and live stock. The defendant admitted signing the note, and that the plaintiff was the legal holder thereof, but denied liability thereon, alleging, that the note was without consideration, for the reason that

the insurance policy contained the following provision: "The entire policy, unless otherwise provided by agreement endorsed hereon or added to, shall be void. . . if the interest of the insured be other than unconditional and sole ownership, or if the subject of insurance be a building on ground not owned by the insured in fee simple;" that the title to the property covered by the policy, and the land upon which the buildings were situated, was not in the defendant; and that, by reason of this provision in the policy, he could not have collected anything thereon had the buildings or live stock been destroyed. The only portion of the policy of insurance appearing in the record is the provision quoted from. While there was no proof that the policy was fraudulently procured by virtue of false representations made by the insured, such as might prevent him from setting up such a defense, the undisputed evidence shows that the agent knew at the time the policy was issued the real facts as to ownership. *Held:* While ordinarily a policy of fire insurance, containing such a provision as the one above quoted, is void if the insured be not the sole and unconditional owner of the property covered by the policy, together with the land upon which the buildings are situated (*Phœnix Insurance Co. v. Asberry,* 95 *Ga.* 792 (22 S. E. 717); *Orient Insurance Co. v. Williamson,* 98 *Ga.* 464 (25 S. E. 560); *Williamson v. Orient Insurance Co.,* 100 *Ga.* 791 (28 S. E. 914); *Palatine Insurance Co. v. Dickenson,* 116 *Ga.* 794 (43 S. E. 52) ), still, even though the insured be not such sole owner, if the agent of the insurance company knew at the time of the issuance of the policy the real facts as to ownership, the policy would nevertheless be binding, since the company would be estopped, by reason of such knowledge, from setting up the non-compliance of the insured with this condition of the policy. Civil Code (1910), § 2472; *Creech v. Richards,* 76 *Ga.* 36; *Phenix Insurance Co. v. Searles,* 100 *Ga.* 97 (27 S. E. 779); *Johnson v. Ætna Insurance Co.,* 123 *Ga.* 404 (51 S. E. 339, 107 Am. St. R. 92); *Springfield Fire Insurance Co. v. Price,* 132 *Ga.* 687 (64 S. E. 1074); *Athens Mutual Insurance Co. v. Ledford,* 134 *Ga.* 500 (68 S. E. 91). For this reason alone the court did not err in directing a verdict for the plaintiff.

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*

DECIDED APRIL 19, 1919.

Appeal; from Jackson superior court—Judge Cobb. June 22, 1919.

*Ray & Ray,* for plaintiff in error. *P. Cooley,* contra.

*Judgment affirmed. Wade, C. J., and Jenkins, J., concur.*