## NEW JERSEY INSURANCE COMPANY v. ROWELL.

The petition described in the question propounded by the Court of Appeals was not subject to general demurrer.

No. 3742. JANUARY 19, 1924. REHEARING DENIED FEBRUARY 16, 1924.

Question certified by Court of Appeals (Case No. 14331).

*Smith, Hammond & Smith* and *Kline & Moore,* for plaintiff in error.

*DeLoache & Roddenbery,* contra.

GILBERT, J. The Court of Appeals propounds the following question: "Where a policy of fire insurance, taken out by the tenant and lessee of a building, insures the building for a certain sum, and a stock of goods in the building for another certain sum, the consideration of the policy being a premium payable in a gross sum, and where the policy of insurance contains a clause making any loss or damage to the *building* payable to a named third person (the owner of the building), "as his interest may appear," and where both the building and the stock of goods were subsequently damaged by fire, and the insured brings suit in his own name to recover both the damage to the stock of goods and the damage to the building, is the petition subject to general demurrer for the reason that it fails to set forth that the recovery of the damage to the building is sought for the use and benefit of the person named in the aforesaid loss-payable clause?" The Civil Code (1910), § 2472, provides in part: "To sustain any contract of insurance it must appear that the assured has some interest in the property or event insured, and such as he represented himself to have. A slight or contingent interest is sufficient, whether legal or equitable, and several having different interests may unite in procuring one policy." This rule, provided by statute in Georgia, is well-nigh universal in this country, so far as we are able to ascertain. "It is enough if he [the assured] holds such a relation to the property that its destruction by the peril insured against involves pecuniary loss to him." Home Insurance Co. v. Mendenhall, 164 Ill. 458, 467 (45 N. E. 1078). "The test of insurable interest in property is whether insured has such a right, title, or interest therein, or relation thereto, that he will be benefited by its preservation and continued existence or suffer a direct pecuniary loss from its destruction or injury by the peril insured against." 32 C. J. 1111. "A lessee has an insurable interest in the leased property."· Id.;

26 C. J. 34, and authorities cited; 14 Ruling Case Law, 1307; Getchell v. Mercantile &c. Ins. Co., 109 Me. 274 (83 Atl. 801; Ann. Cas. 1913E, 738, 42 L. R. A. (N. S.) 135, and note). It is insisted, however, by the insurance company that even if the lessee had an insurable interest he did not insure that interest. The language of the question propounded is, in that respect, as follows: "Where a policy of fire insurance taken out by the tenant and lessee of a building insures the building for a certain sum." We take it that the language of the policy is the same as that employed when the owner of a building insures it against fire loss, and that it does not specifically provide that the company insures the lessee's property interest in the lease itself. Contracts of insurance, however, are to be construed on well-defined principles about which, in this State, there is no controversy. They are to be given reasonable intendment and construed most strongly against the insurer. As was said in *Clay* v. *Phœnix Insurance Co.*, 97 *Ga.* 44, 52 (25 S. E. 417): "Courts are not at liberty to arbitrarily disregard reasonable limitations imposed upon the liability of insurance companies under policies of insurance, by stipulations and conditions therein expressed; but in the construction of such policies, and such conditions and stipulations, the courts will look through the whole contract to the real intention of the parties at the time of the execution of the instrument, and give to it such construction as will impute to them a reasonable intendment, and such construction as will relieve against forfeitures, if that construction be consistent with the general intent expressed in the policy. Courts will presume, when policies of insurance are issued by insurance companies and they accept premiums paid therefor, that such policies are issued in good faith and with the design, upon the consideration received, to afford to the assured reasonable immunity in case of loss." The policy itself furnishes indubitable proof of full knowledge of the facts as to ownership and the lease. It would be wholly illogical to presume that it was the intention of the parties that the insurance company should issue a policy, deliver it to the insured lessee, and presumably to accept a premium in payment, if it was the intention and belief of the parties that such a policy would not cover the loss of the lessee to the value of his interest in the building should fire loss occur. Such a presumption could not be based on good faith. Upon the contrary courts will presume

that in such a case it was the intention of the parties that the policy would cover, not only the loss by fire to the stock of goods, but the interest of the lessee in the building as well, thus affording to the lessee, in good faith, "reasonable immunity [indemnity] in the case of loss." There was no fraud or deception employed by the assured. The company knew the facts as to "interest," because the policy itself clearly set out the facts. "The fact that the policy in terms covers the buildings and does not specify the plaintiff's interest is immaterial. The company knew the facts. . . No particular description of the nature of the insurable interest is necessary." Gilman v. Dwelling House Insurance Co., 81 Me. 488 (17 Atl. 544), and cases cited; Getchell v. Insurance Co., supra. Whether the lessee in a suit on such a policy may recover the interest of the owner as well as his own interest in the building need not be considered. The question is whether a suit brought by the lessee seeking to recover for loss to the building and the stock of goods is subject to general demurrer. We hold that it is not. Whether, on the trial the recovery of the lessee should be limited, in so far as the building is concerned, to his own loss, or whether he can recover the entire loss under the policy, holding the interest of the owner in trust for the latter, does not affect the question as to whether the petition is subject to general demurrer.

*All the Justices concur.*