*W. H. Key, Reuben M. Tuck,* for plaintiff in error.
*C. C. King,* contra.

---

15372. DARSEY *v.* INSURANCE COMPANY OF NORTH AMERICA.

Suspension of the insurer's liability, under the terms of an insurance policy, while a premium note or an installment thereon was overdue and unpaid, was no defense to an action on the note.

DECIDED JUNE 16, 1924.

Complaint; from city court of Cairo—Judge Rigsby. December 11, 1923.

*Jeff A. Pope,* for plaintiff in error.
*W. H. Duckworth,* contra.

JENKINS, P. J. It is no defense, in an action to recover overdue installments on a note given for the premium of an insurance policy, to set up by way of failure of consideration that, under an express condition in the policy and the note, liability under the policy was suspended while the note and installments thereon were overdue and unpaid, the policy providing that "the company may collect, by suit or otherwise, any past due notes or installments thereof, and a receipt from the said Atlanta office of the company

for the payment of past due notes or installments must be received by the assured before there can be a revival of the policy, such revival to begin from the time of said payment, and in no case to carry the insurance beyond the end of the original term of this policy." *Graham* v. *Maryland Life Ins. Co.*, 24 *Ga. App.* 695 (1) (102 S. E. 32) ; St. Paul Fire & Marine Ins. Co. *v.* Coleman, 6 Dakota 458 (43 N. W. 693, 6 L. R. A. 87) ; 33 Corpus Juris, 65, 66. In the case of *Blackstock* v.. *Jefferson Ins. Co.*, 23 *Ga. App.* 642 (99 S. E. 142), it was held that the policy was not in fact void, and the case was decided on that point alone, irrespective of what the rule might have been if the contention of the defendant on that question had been sustained. Moreover, the facts and questions there involved were dissimilar from those appearing here. In that case the question was whether the policy for which the note was given was void ab initio, and no question was made by reason of the company's suspension of the policy during the period of default; nor does it appear that the terms of the policy and the note provided for the recovery of premium notwithstanding such suspension. The court properly granted to the plaintiff insurance company a new trial, after erroneously directing a verdict for the defendant.

*Judgment affirmed. Stephens and Bell, JJ., concur.*