15091.   FIREMAN'S FUND INSURANCE COMPANY *v.* LINDSEY.

STEPHENS, J. 1. Where a policy of fire-insurance provides that it insures for a term of five years in consideration of the payment by the insured of a part of the premium in cash and the balance in four equal yearly installments evidenced by an "installment note," and where by both the policy and the installment note it is provided that, upon default by the insured in the payment of one of the installments payable upon the premium when due, all the remaining unpaid installments may be declared due and collectable, and that until such due and unpaid installments are paid the policy shall lapse and the insurer shall not be liable for any loss thereunder during such period of default, but that upon payment of the past-due installments the policy shall revive, there arises a contract of insurance for an entire period of five years, by the terms of which the insurer at all times during the entire period is under a contractual obligation to furnish protection, upon a compliance by the insured with his obligations under the contract as to payment of installments due upon the premium. The promise of the insurer to furnish protection under the terms of the contract, and the promise of the insured to make payments under the terms of the contract, are mutual, and each promise is a consideration for the other. May on Ins. (4th ed.), § 345-H; American Ins. Co. *v.* Klink, 65 Mo. 78; Minnesota Farmers &c. Ins. *v.* Olson, 43 Minn. 21 (44 N. W. 672); *Darsey* v. *Ins. Co. of North America*, 32 *Ga. App.* 458 (123 S. E. 622).

2. A lapse of the policy in accordance with its terms and its automatically ceasing to afford protection during a period of default by the insured in the payment of past-due installments on the premiums cannot amount to a failure of consideration. Therefore, in this case, in which the

insurer sought to recover installments past due on the premium note, the defendant's plea of a failure of consideration by reason of a lapse of the policy set up no defense, and the court erred in overruling the plaintiff's demurrer to the plea, and in thereafter directing a verdict for the defendant.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 19, 1924.

Complaint; from Randolph superior court—Judge Custer. September 15, 1923.

The action was upon two "installment notes" for $219.47 and $301.94 respectively, each given in consideration of a policy of insurance. The notes were identical except in dates and amounts; and the policies were identical in the parts material here. One of the notes reads as follows: "For value received, in policy No. F. 17570 T. I. 769, dated the 18th day of August, 1920, issued by the Atlanta Home Underwriters, of the Fireman's Fund Insurance Co., of San Francisco, Cal., I promise to pay to the said company, or order (by mail if requested), at the office of its Southern Farm Department, in Atlanta, Ga., with expenses of collection and attorney's fees, and without relief from valuation or appraisement laws, three hundred and one dollars and 94 cents, payable in installments as follows: seventy-seven dollars and 74 cents each upon the first day of September, 1921, 1922, 1923, and 1924, respectively, without interest. And it is hereby agreed that in case any of the installments herein named shall not be paid at maturity, or if any single payment promissory note (acknowledged as cash or otherwise) given for the whole or any portion of the premium for said policy shall not be paid promptly when due, this company shall not be liable for loss during such default, and the said policy shall lapse until payment is made to this company at the Southern Farm Department at Atlanta, and the whole amount of installments or notes remaining unpaid on said policy may be declared earned, due and payable, and may be collected by law. In settlement of any loss under above policy, this company may deduct therefrom the entire amount of unmatured installments of this note. This note is given in payment of above policy of insurance."

The following provisions are taken from one of the policies: "In consideration of the stipulations herein named, and of forty-five and 71/100 dollars paid, and the payment of installments

when due on installment note of two hundred nineteen and 47/100 dollars, due and payable as follows: fifty-four and 87/100 dollars on the first day of each September, 1921, 1922, 1923, 1924, respectively, does insure G. O. Lindsey, for the term of five years from the 18th day of August, 1920, at noon, to the 18th day of August, 1925, at noon, against all direct loss or damage by fire, except as hereinafter provided, to an amount not exceeding twenty-nine hundred dollars, to the following described property [describing it]. It is understood and expressly agreed that this company shall not be liable for any loss or damage that may occur to the property herein mentioned while any installment of the installment note, given for premium upon this policy, remains past due and unpaid; or while any single payment, promissory note (acknowledged as cash or otherwise), given for the whole or any portion of the premium, remains past due and unpaid. Payments of notes and installments thereof must be made to the said Atlanta Home Underwriters, of the Fireman's Fund Insurance Company, at its Southern Department office in Atlanta, Georgia, or to a person or persons specially authorized to collect the same for said company. And it is understood and expressly agreed that the failure of the assured to receive notice of the approaching maturity of the premium note or notes, or any installment thereof, shall not operate to render the company liable for any loss or damage while such note or notes, or installments thereof, remain overdue and unpaid. The company may collect, by suit or otherwise, any past-due notes or installments thereof, and a receipt from the said Atlanta office of the company for the payment of past-due notes or installments must be received by the assured before there can be a revival of the policy, such revival to begin from the time of said payment, and in no case to carry the insurance beyond the end of the original term of this policy.

"This policy shall be canceled at any time at the request of the insured; or by the company by giving five days notice of such cancellation. If this policy shall be canceled as hereinbefore provided, or become void or cease, the premium having been actually paid, the unearned portion shall be returned on surrender of this policy or last renewal, this company retaining the customary short rate; except that when this policy is canceled by this company by giving notice it shall retain only the pro rata premium."

*Smith, Hammond & Smith, James W. Harris,* for plaintiff.
*E. R. King,* for defendant.