23370. HAGAN, for use, etc., *v.* HUDSON INSURANCE COMPANY.

23382. HUDSON INSURANCE COMPANY *v.* HAGAN, for use, etc.

Decided February 17, 1934.

*Copeland & Dukes, Wilcox, Connell & Wilcox,* for plaintiff.

*Spalding, MacDougald & Sibley, Fulwood & Fulwood, P. F. Brock,* for defendant.

JENKINS, P. J. 1. The verdict and judgment for the plaintiff on the policy of fire insurance sued upon being unsatisfactory to him, in that the verdict was directed in his favor for less than the amount claimed, and unsatisfactory to the defendant insurance company under its contention that a verdict was demanded entirely in its favor, each party, as was here done, had the right to make a motion for new trial independently of the other, and, on its being denied, to bring the judgment to this court for review, not merely by a cross-bill of exceptions, but by a main bill of exceptions. *Burns v. Richardson,* 145 *Ga.* 430, 432 (89 S. E. 418).

2. Dealing first with the bill of exceptions of the defendant insurance company, the contention in its brief that, even if the plaintiff had an insurable interest in the property, he could not have recovered more than the $270 paid by him in monthly installments on the purchase-price to the holder of the legal title, although such defense was pleaded in its answer, was not stated in its motion for new trial or in its motion for the direction of a verdict. There being no specific exception that the plaintiff was entitled to recover only this amount, such a contention can not be considered under the general grounds. See *Newberry* v. *Tenant,* 121 *Ga.* 561 (49 S. E. 621) ; *Rodgers* v. *Black,* 99 *Ga.* 142 (25 S. E. 20) ; *Gainesville Midland Ry.* v. *Jackson,* 1 *Ga. App.* 632, 635 (57 S. E. 1007) ; *Continental Aid Asso.* v. *Hand,* 22 *Ga. App.* 726, 727 (97 S. E. 206).

3. The plaintiff contends that all the grounds in the defendant company's bill of exceptions, even if showing reversible error, are ineffective for the reason that it was error invited or invoked by the motion of the defendant for the direction of a verdict partly in its favor by a reduction in the amount claimed by the plaintiff. While the record shows that the verdict so rendered was directed upon the defendant's motion, it also shows that the court in so doing denied its motion for a verdict wholly in its favor upon the grounds which it urged. Somewhat analogously to the procedure upon a judgment overruling general grounds of a demurrer but sustaining special grounds, the defendant will not be deprived of its right to insist that the plaintiff, under the general grounds, was not entitled to recover anything, because it urged, under special grounds, that the plaintiff in any event could recover only in part, and the court overruled its general but sustained its special grounds.

4. The contention of the defendant company, made in its motion for new trial and for the direction of a verdict, that the contract of insurance sued upon was made with the person holding the legal title to the property and not with the plaintiff as the insured, was not presented in its pleadings, but the answer admitted that the policy was "issued to petitioner—insuring him," and did not question the effect of the endorsement, which was pleaded in the petition, and upon which the defendant now relies, as changing the policy from a contract with the plaintiff to one with the other person. Moreover, under the testimony, it is not controverted that the agent issuing the policy and making the endorsement had full knowledge of the facts that the policy was intended by the parties to protect the interest of the plaintiff in the property, and referred in the endorsement to such interest through a "resale agreement," and that the plaintiff paid and the defendant accepted from him the premium.

5. "A slight or contingent interest" or merely an "equitable" interest in property is sufficient in this State to constitute an insurable interest. Civil Code (1910), § 2472. The test is whether the "insured has such a right, title, or interest therein, or relation thereto, that he will be benefited by its preservation and continued existence or suffer a direct pecuniary loss from its destruction or injury by the peril insured against." It is not necessary that the policy shall specifically insure or define in terms the nature of the

insurable interest of the assured, especially where there is no fraud or deception, and the company through its agent is informed as to the facts of such "interest." *New Jersey Ins. Co.* v. *Rowell,* 157 *Ga.* 360, 362 (121 S. E. 414) ; *Ætna Ins. Co.* v. *Foster,* 43 *Ga. App.* 658, 661 (159 S. E. 882), and cit. Where the insurer, with full knowledge of the interest of the assured, recognizes it as insurable by issuing a policy which expressly refers to the nature of such interest, it will not be permitted, as a general rule, to question the sufficiency of such interest, and the principle of estoppel will apply. See *Blackstock* v. *Jefferson Ins. Agency,* 23 *Ga. App.* 642 (99 S. E. 142) ; 26 C. J. 36. The evidence in the instant case as to the plaintiff's continued monthly payments, which were applied by the creditor holding the legal title on the agreed purchase-price of the property, as to the plaintiff's possession, use, and enjoyment of the premises, and as to the oral agreement and escrow instructions, recognizing the equitable interest of the plaintiff and his right to acquire the legal title on payment of a $2743.10 balance due, after previously paying $3120 as acknowledged by the creditor, together with the evidence as to the knowledge of these facts by the agent of the insurer when he issued the policy and endorsements, fully authorized, if it did not demand, a finding on the issue of insurable interest in favor of the plaintiff. Consequently, there being no merit in this or other exceptions of the defendant company, the court properly denied its motion for a new trial.

6. The plaintiff excepts to the direction of the verdict in his favor for only the $1025.16 difference between the $2000 of the defendant company's policy and the $974.84 contributed by the defendant to the creditor of the plaintiff under the prorating clauses in all three of the policies on the property, upon the ground that the plaintiff was entitled to the benefit of the entire $2500 policy issued by the Springfield Company to the creditor, and that the $2000 due by the defendant under its policy should be reduced by only $242.60 as its proper prorata part of the $424.53 excess due by it and the third insurer to the creditor, after applying the full $2500 of the Springfield policy on the creditor's debt. The plaintiff insists that only the two companies issuing the $3500 of policies to him, with clauses making the proceeds first payable to the creditor as mortgagee or trustee, as his interest might appear, had any right of contribution. There is no merit in these contentions.

Assuming, but not deciding, that the rules argued are correct abstract statements of the law,—that prorating clauses in insurance policies do not apply where the policies do not cover the same or concurrent insurable interests (see Niagara Fire Ins. Co. *v.* Scammon, 144 Ill. 500, 28 N. E. 919, 32 N. E. 914; 26 C. J. 363, 364, 84, 455), and that such clauses will not have effect where a loss is total, or where, though only partial, the loss is equal to or greater than the amount of all the insurance permitted and actually carried (see Tetter *v.* Franklin Ins. Co., 75 W. Va. 18, 82 S. E. 40), these general principles are without application under the facts in this case. The contribution questioned was made in prorating between the three insurance companies the loss of the *creditor*. As to *him,* his insurable interest under all of the policies was the same or concurrent. His loss represented by his $2924.23 debt due by the plaintiff was less than the $6000 coverage of the three policies. As to the creditor, therefore, with whom the contribution was made, the policies covering the same, concurrent insurable interest and loss, the prorating clauses were properly invoked. As to the plaintiff debtor, after deducting from the $3500 policies issued to him the $2924.53 due first to the creditor under their provisions, his own insured interest would amount to only $575.43. He was therefore benefited rather than prejudiced by the Springfield Company's payment to his creditor of the $1218.50 under the contribution clause in its policy, in which the plaintiff was a stranger and had no rights as the insured or as beneficiary. This payment of $1218.50 under Flowers' policy reduced to that extent the amount which otherwise would have gone to the creditor as a prior payment under the $3500 policies; and so increased the proceeds accruing to the plaintiff. The fact that the defendant company, under the contribution, paid $974.84 to the creditor, did not prejudice the plaintiff's rights, since the defendant was bound under its policy to discharge first the creditor's indebtedness. Nor was the plaintiff in any privity of contract with the Springfield Company. He was not a party to or in any way mentioned in its policy. The charging by the *creditor,* not the insurance company, of the premium against his account gave him no rights in the policy, at least in the absence of any showing that the Springfield Company was a party to or had knowledge of such an arrangement—assuming but not deciding that, if such participation or knowledge had existed, it would have

given to the plaintiff any such rights. Nor is any legal right shown that would entitle the plaintiff indirectly to the benefit of the proceeds of that policy. No legal duty appears, obligating the defendant company to represent the plaintiff's interests, against its own rights and obligations under the contribution clauses in the policies, and to enforce or insist upon full payment by the Springfield Company of its $2500 without conribution. Under any rule of law or any provision of the policy, it does not appear that such a payment could have been enforced or that the contribution made could have been defeated. The question whether under any principle of equity, the plaintiff, with proper pleadings and parties, could successfully claim indirectly against the Springfield Company or the deefndant what he could not claim directly in a legal action, is not before the court. There are no such pleadings, and those who would be affected by such a claim are not made parties. Nor would such equitable questions, if raised, fall within the jurisdiction of this court. The trial court, therefore, properly denied the plaintiff's motion for a new trial.

*Judgment affirmed in both cases.* *Stephens and Sutton, JJ., concur.*