### 23296. HOME INSURANCE COMPANY *v.* HARRISON.

STEPHENS, J. 1. Notwithstanding a fire-insurance policy may contain a clause providing for the payment of loss only to the holder of the legal title to the property, to whom it had been conveyed as security for a debt, the insured may nevertheless recover for the loss, for the use of the holder of the legal title, to the extent of the latter's interest. *New Jersey Insurance Co.* v. *Rowell,* 157 *Ga.* 360 (121 S. E. 414); *Staten* v. *General Exchange Ins. Corp.,* 38 *Ga. App.* 415 (144 S. E. 53); *Ellis Motor Co.* v. *Hancock,* 38 *Ga. App.* 788 (145 S. E. 518).

2. Where a fire-insurance policy provides that the insurer's liability for loss or damage to the property insured from fire shall, where the property insured is an automobile, not exceed "what it would then cost to repair or replace the automobile or parts thereof with other of like kind and quality," the insured is entitled to recover only the costs of repairs or replacements as provided in the policy. In a suit by the insured against the insurer to recover on the policy for damage to the automobile from fire, a sum representing the difference between the value of the property before it was damaged and afterwards, where the defendant in its plea denies that it owes the plaintiff the amount sued for, but alleges that it is indebted to the plaintiff in a named sum representing "the actual injury and damage" to the property as a result of the fire as provided in the policy, and which the defendant has tendered to the plaintiff and now tenders, the plea sets up the defendant's contract right to limit the amount of damages to the costs of repairs as provided in the policy.

3. Where upon the trial there was evidence of the estimated cost of replacing the damaged parts of the automobile in an amount equal to that found by the jury for the plaintiff, and it appears that the jury had, by

agreement of counsel, inspected the burned automobile, the verdict found for the plaintiff was authorized.

4. The motion for a new trial being only upon the general grounds, and the verdict for the plaintiff being authorized, the court did not err in overruling the motion.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED MARCH 3, 1934.

*Jeff A. Pope,* for plaintiff in error.