24952. FARMERS MUTUAL FIRE INSURANCE COMPANY OF GEORGIA *v.* POLLOCK.

Decided January 27, 1936. Rehearing denied February 13, 1936.

*H. A. Wilkinson, Henry Wilkinson,* for plaintiff in error.
*Olin Hammock* contra.

Sutton, J. The Farmers Mutual Fire Insurance Company of Georgia issued and delivered to G. W. Pollock a policy of fire insurance in the sum of $1,000, covering a wooden tenant-house, which was destroyed by fire on December 3, 1932.

Upon failure of the insurer to pay the loss claimed, Pollock filed suit on April 24, 1933, alleging that he "owned an insurable interest" in the house. The defendant filed a demurrer on the ground that the petition did not "disclose plaintiff's title or interest" in the property, the allegation that he "owned an insurable interest" being a conclusion. The defendant's answer denied

liability and denied that the plaintiff had any insurable interest in the property. It alleged that the plaintiff represented to its agent that he was the owner of the property, and on such statement the policy was written and delivered to him; that such representation, which induced the acceptance of the risk, was material and was false; that the application for the insurance was not made in good faith; that after the loss the defendant ascertained that the plaintiff owned no interest in the property; that at the time the policy was written the title to the property was held by the grantee in a security deed made by a previous owner of the land, and the debt to secure which the deed was given was unpaid; that the equity of redemption was held by the wife of the plaintiff, by virtue of a sheriff's deed; that the plaintiff concealed from the defendant the facts as to the true ownership of the property and the liens outstanding against it and failed to disclose them; and that such failure and omission were fraudulent, in that it was a wilful concealment of material facts, and enhanced the risk of the defendant; and that the policy sued on was therefore void. On August 19, 1933, in vacation, the judge, pursuant to the Code, §§ 24-2618, 24-2619, passed on the demurrer, (which was in its nature a special demurrer), and orally ordered that it be sustained, with leave to the plaintiff to amend to meet the ruling. Thereafter, before any judgment was entered, the defendant's counsel forwarded to the judge, in another county of his circuit, an order reciting "that said demurrer, both general and special, be and the same is hereby sustained, and the petition dismissed, with costs," which the judge signed on September 18, 1933. Counsel for the plaintiff was furnished with a copy of this order, and he immediately wrote to the judge that such order did not speak the truth as to the oral order of August 19, 1933, and enclosed in the letter an amendment to the petition, which the judge ordered allowed on September 16, 1933. This amendment alleged, in substance, that the plaintiff was in possession of the land, claiming title by reason of a sheriff's deed to his wife, but that he was in possession and claiming title subject only to an outstanding security deed, by virtue of an agreement made with his wife, before the foreclosure of a mortgage held by her on the land, that he would take over the land after foreclosure, and she would thereupon deliver the land to him, conveying the same by "right of seisin and possession;" and

that at the time of the issuance of the policy the insurance company had full knowledge of the plaintiff's title and interest, by reason of his possession and of information given to the defendant's agent when the plaintiff applied for the policy. On September 30, 1933, the judge again signed an order sustaining the demurrer and dismissing the action. At the next term, on November 25, 1933, the plaintiff filed his motion to reinstate the case and to modify the order of September 19, 1933, so as to speak the truth and to revoke the order of September 30, 1933, as void and nugatory; all of the facts relative to such orders being embodied in the motion. A rule nisi was issued, and a hearing was had on November 27, 1933, during the November term, 1933. The court passed an order reciting; "it appearing to the court that the order of September 18, 1933, purporting to be the ruling of the court upon the hearing of the original demurrer upon August 19, 1933, does not set forth correctly the order passed at said hearing, and further that no hearing was had upon September 30, 1933, when the other order in the files was signed, counsel for plaintiff not being present, and no notice of any hearing was given upon said date, it is therefore ordered and adjudged that the order dated September 18, 1933, be amended and the same is hereby amended to the effect that the original demurrer of the defendant be and the same is sustained, with leave to the plaintiff to amend his petition, and that in all other respects the said order of September 18, 1933, is revoked, and that the order of September 30, 1933, is revoked and rendered null and void, and that the cause proceed according to law." · The defendant's demurrers were then overruled. The defendant excepted pendente lite to the order reinstating the case and to the overruling of the demurrers. The plaintiff again amended his petition, on November 27, 1933, stating that his wife gave him the property; that when Sallie Jones, against whom his wife held the mortgage, failed to pay the mortgage debt, the plaintiff, at the instigation of his wife, paid the expense of foreclosing the mortgage, and supposed that the sheriff, under the foreclosure proceedings, had made the deed to him, as he directed that officer to do; that his wife had ceased to claim any interest in the property, and he had possession thereof, claiming the same together with the tenant-house insured as his own, that he can not read or write, and did not know that the sheriff's deed was not made

to him until this suit was filed; and that he told the defendant's agent (naming him) that he was the owner of the property subject only to a security deed. The defendant renewed its demurrer to the petition as amended. On May 22, 1934, the court overruled the demurrer, and the defendant excepted pendente lite. The trial resulted in a verdict in favor of the plaintiff for $1,000 with interest. The defendant's motion for new trial, was overruled and it excepted.

1. "The proper judgment on a special demurrer going only to the meagerness of the allegations of a pleading is not a judgment sustaining the demurrer and dismissing the pleading, but a judgment requiring the pleader to amend and make his pleading more certain in the particulars wherein he has been delinquent; and then, if he refuses to amend, the pleading may be dismissed, if the delinquency relates to the entire defense set up in the pleading." *Griffeth* v. *Wilmore,* 46 *Ga. App.* 96; *Wardlaw* v. *Ex. Com.* 47 *Ga. App.* 595 (3) (170 S. E. 830) ; *Broyles* v. *Haas,* 48 *Ga. App.* 321 (6) (172 S. E. 742) ; *Moseley* v. *Equitable Life Assurance Society,* 49 *Ga. App.* 424 (3) (176 S. E. 87). The demurrer here being special, the judge properly sustained it with leave to amend to meet it.

2. The judge had authority in vacation to determine the demurrer to the petition. Code of 1933, §§ 24-2618, 24-2619. When he did so and orally announced his judgment sustaining the demurrer, with leave to the plaintiff to amend, and thereafter inadvertently signed an order not in conformity with the previous oral judgment, he had authority later so to amend the order as to make it speak the truth and to conform to the former oral judgment. So where it appears that the subsequent written order of September 18, 1933, was not in conformity with the previous oral order of August 19, 1933, as required by law, the judge had authority at the subsequent term, in proceedings brought for that purpose, after due notice to the defendant and a hearing, to correct the order inadvertently signed as to the judgment on the demurrer, so that it should conform to the actual oral judgment previously rendered. *Pulliam* v. *Jenkins,* 157 *Ga.* 18 (121 S. E. 679) ; *Ellis* v. *Clark,* 173 *Ga.* 618, 623 (160 S. E. 780) ; *Wright* v. *Wood,* 178 *Ga.* 273 (2) (173 S. E. 138); Code, §§ 24-104, par 6, 81-1201. The order of September 30, 1933, sustaining the original special

demurrer, was nugatory, it having been rendered by the judge in vacation, without notice or hearing; and the judge properly set it aside on motion of the plaintiff, served on defendant, and after a hearing thereon. Counsel for the plaintiff in error rely on *McCandless* v. *Conley*, 115 *Ga.* 48 (41 S. E. 256), and *Gulf Life Ins. Co.* v. *Gaines*, 50 *Ga. App.* 504 (179 S. E. 199), as controlling authority on this feature of the case. But it will be seen that the question here determined with reference to amending the order of September 18, 1933, which was inadvertently entered, and revoking the nugatory order of September 30, 1933, is different from that decided in those decisions which hold, in effect, that a judgment or order entered at one term of court can not be changed or revoked at a subsequent term. The rulings in those cases had reference to the modification of orders or judgments formally entered as they were intended to be, and not to the correction of an erroneously written order so as to make it conform to the truth of an orally pronounced judgment, in a proceeding had for this purpose, with notice to the parties interested.

3. "To sustain any contract of insurance, it shall appear that the insured has some interest in the property . . insured, and such as he represented himself to have. A slight or contingent interest, whether legal, or equitable, shall be sufficient." Code, § 56-812. It is sufficient if the insured holds such a relation to the property that its destruction by fire would result in pecuniary loss to him. "The test of insurable interest in property is whether the insured has such a right, title, or interest therein, or relation thereto, that he will be benefited by its preservation and continued existence, or suffer a direct pecuniary loss from its destruction or injury by the peril insured against." A mortgagee or one succeeding to the interest or rights of a mortgagee in the mortgaged property has an insurable interest therein. *New Jersey Ins. Co.* v. *Rowell*,157 *Ga.* 360 (121 S. E. 414), and cit; *Hurley* v. *National Ben Franklin Fire Ins. Co.*, 46 *Ga. App.* 515, 517 (167 S. E. 917); *Hagan* v. *Hudson Ins. Co.*, 48 *Ga. App.* 558, 563 (173 S. E. 477). The policy here involved provided that the insurer should not be released from any obligation in case of loss or damage by fire because of the defective title of the insured to the property; and even though the insured was not the legal owner, if he had an insurable interest, the policy would not be void and the insurance

would be payable. See *Farmers Mutual Fire Ins. Co. v. Harris,* 50 *Ga. App.* 75 (2), 84 (177 S. E. 65), and cit. As to the issuance of a policy with knowledge of the interest of the insured estopping the insurer, see *Hagan v. Hudson Ins. Co.,* supra; *Blackstock v. Jefferson Ins. Agency,* 23 *Ga. App.* 642 (99 S. E. 142); 26 C. J. 36. The judge, in modifying the order of September 18, 1933, and revoking the order of September 30, 1933, entered judgment in conformity with his oral ruling of August 19, 1933, which was not to dismiss the action, but to sustain the special demurrer as to the allegations relative to insurable interest, with leave to the plaintiff to amend. The plaintiff amended twice, and each time the defendant renewed its demurrers. The judge properly overruled them. The petition as amended was not subject to the demurrers. It was alleged in the amendments that the plaintiff's wife held a mortgage against the insured property; that the mortgage was not paid, and his wife gave her interest in the mortgage and the property to the plaintiff, and he paid the expenses of the foreclosure; and that while the sheriff's deed was made to his wife, and not to him as he had directed, it was intended to have been made to the plaintiff, and he thought it was so made until this suit was brought and that his wife did not claim any interest in or title to the property, but it belonged to him, subject to an outstanding security deed. From these amendments it appeared that the plaintiff had exclusive and sole possession, and had rented the property to his tenants. Under these circumstances he had an interest, legal or equitable, in the property, such interest as could be made the subject-matter of a fire-insurance policy. The property was insured, and the policy provided that if the insured did not have the title, or if it was defective, the policy was not void, but the insurance was payable; and under the terms of this policy it was not void on account of the outstanding security deed or because the sheriff's deed was to the plaintiff's wife and there was no conveyance to him from her.

4. The judge did not err in charging the jury: "To sustain any contract of insurance, it must appear that the assured has some interest in the property or event insured, and such as he represented himself to have. A slight or contingent interest, however, is sufficient, whether legal or equitable. It is now well established that every one who has no title, legal or equitable, in the property,

yet has an insurable interest therein if he will derive benefit from its continuing to exist, or will suffer loss by its destruction."

5. Nor was it error to instruct the jury "that the policy of fire insurance in question, and which is the foundation of the plaintiff's cause of action, contains the provision that the defendant company shall not be released from any obligation in case of loss or damage because of liens, mortgages, or defective titles to property; but when it shall appear that the insured is not the rightful or legal owner of the within property, then shall the insurance, or such part of same as may not belong to the insured, be paid to the proper owner." This was a provision in the defendant's own contract of insurance, by which it was bound. See *Farmers Mutual Fire Ins. Co. of Ga.* v. *Harris,* supra.

6. Under the contentions of the defendant and under the facts of this case, it was not error for the judge to charge: "Although it is the law that every application for insurance must be made in the utmost good faith, and that verbal or written representations of facts by the assured to induce the acceptance of the risk, if material, must be true, it is not every false representation that will avoid the policy. In order for the defendant company to defeat their liability under the policy in the present instance, it would be necessary to show in the first instance that the statement made was material to the acceptance of the risk; secondly, that the material representation made was false; and thirdly, that the representation was made upon the part of the plaintiff with the intent to defraud." See *Mutual Benefit Health &c. Asso* v. *Bell,* 49 *Ga. App.* 640, 643 (176 S. E. 124), and cit.; *Lee* v. *All States Life Ins. Co.,* 49 *Ga. App.* 718(4-6) (176 S. E. 811). It is true that as to actual misrepresentation of a fact material to the risk there need not be any intent to wrong or defraud the insurer. *Mutual Benefit Health &c. Asso.* v. *Bell,* supra. However, the issue here was not the bona fides of the representation made by the plaintiff, but whether it was true or not. The plaintiff stated that he was the owner of the property insured, subject only to an outstanding security deed. In view of the provisions of this policy, unlike most policies, that it was not void where the insured did not have the legal title or had a defective title etc., and in view of the evidence, the jury could properly find that the insured did not make to the agent of the defendant a false statement which was material to the risk. He

610

was such an owner of an interest in the property as could take out insurance thereon; and the company under the terms of its policy, could not complain because he was not the owner of the legal title or because his title was defective and subject to an outstanding security deed.

7. It follows that the court did not err in instructing the jury that "the recital of ownership made to procure a policy of insurance is not such a technical expression as amounts to a warranty; and if you find in this case that Pollock, the plaintiff, was in possession of the property insured, claiming the same as a gift from his wife, and that such a gift of the property was actually made to Pollock prior to the issue of the policy in question to him, and that Pollock held the property subject only to a security deed in favor of a third party, such an interest in the property will support a verdict in favor of him, unless you further find that he procured the policy in question under a false representation as to the nature of his interest, and that such representation was made with intent to defraud the company."

8. The evidence authorized the verdict, and the judge did not err in overruling the motion for new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*