### 25613. NORTH RIVER INSURANCE COMPANY *v.* GODLEY *et al.*

DECIDED NOVEMBER 20, 1936. REHEARING DENIED DECEMBER 17, 1936.

*Smith, Smith & Bloodworth, Lawton & Cunningham,* for plaintiff in error.

*Oliver & Oliver,* contra.

STEPHENS, J.   Godley et al. sued the North River Insurance Company, alleging that they were the owners of a certain apartment house on which the defendant had issued a policy of insurance whereby they were insured "to the extent of the actual cash value (ascertained with proper deductions for depreciation) of the property at the time of loss or damage, but not exceeding the amount which it would cost to repair or replace the same with material of like kind and quality within a reasonable time after such loss or damage without allowance for any increased cost of repair or reconstruction by reason of any ordinance or law regulating construction or repair, and without compensation for loss resulting from interruption of business or manufacture, for the term of one year, . . against all direct loss and damage by windstorm, cyclone and tornado, except as herein provided, to an amount not exceeding thirty-five thousand dollars, to the following described property: $35,000 on three-story approved-roof brick building and its enclosed additions adjoining and communicating, including foundations, occupied as an apartment building." The petition further alleged that the policy provided that the insured should within ten days give notice in writing of any loss or damage, protect the property from further damage, and should, within sixty days after the windstorm, cyclone, or tornado, render to the company a proof of loss, etc.; that on September 5, and 6, 1933, while the policy was in force, a storm damaged the building to the extent of $512.86; that the plaintiffs did not know of the storm damage, and their real-estate agents did not know that the property was insured, until October 10, 1933; on which day their agents gave written notice of the loss, and on November 20, 1933, the plaintiffs submitted to the defendant proofs of loss; that the defendant refused to pay the damage; that this refusal was not in good faith, and the defendant was liable to the 25 per cent. penalty provided by law, and to reasonable attorney's fees.   The original answer did not plead any special defense, but denied many of the allegations of the petition, and asserted that the defendant was not liable.   An amendment to the answer was made, in which it was alleged that the policy provided that "the insured, as often as

may be required, shall exhibit to any person designated by this company all that remains of any property herein described;" that in case the insured and the company failed to agree as to the amount of loss, they should, on the written demand of either, have the loss appraised in a specified manner; that it should be optional with the company "to repair, rebuild, or replace the property lost or damaged with other of like kind and quality within a reasonable time, on giving notice of its intention so to do within thirty days after the receipt of the proof of loss herein required;" that the amount of loss for which the company might be liable should be payable after satisfactory proof of loss, and ascertainment of the loss, either by written agreement between the insured and the company, or by the filing with the company of an award "as herein provided;" and that no action on the policy should be sustainable unless all the requirements of the policy were complied with. The amendment further alleged that there had never been any ascertainment of the loss, either by written agreement of the parties or by the filing of an award; that the alleged damage to the property was completely repaired by the plaintiffs before the defendant had any knowledge that there had been any loss, "and that the plaintiffs thereby deprived defendant of its right to have what remained of said damaged property exhibited to it, and its right to examine the damaged property and estimate the loss, and also deprived it of its right to repair, or rebuild, or replace the property lost or damaged with other of like kind and quality. Wherefore defendant says the plaintiffs can not recover" etc. The evidence showed that the roof of the building was of asphalt shingles; and that the wind had stripped off the shingles over an area of forty-five squares; and that the agents of the plaintiffs, not knowing that the house was insured against windstorm damage, promptly had that part of the roof recovered with new shingles. The jury found for the plaintiff $465. A motion for new trial was overruled, and the defendant excepts assigning error on every ground of the motion.

■ This case has been here before. *Godley* v. *North River Ins. Co.*, 51 *Ga. App.* 242 (180 S. E. 385). It was held that the court erred in granting a nonsuit, that the question as to the timeliness of the notice or proof of loss was for the jury. These questions, having been submitted to the jury under proper instructions, are

settled by the verdict in favor of the defendants in error. It is insisted for the plaintiff in error that the evidence shows that the verdict was too large, because it was for the entire cost of repairs, when there was evidence that the part of the old roof which had been replaced was worth much less than the sum found ,by the jury. A witness for the defendant testified that the old roofing was worth about twenty-five per cent. of the new. The effect of the contention is that the insurer should pay three fourths (or less) and the insured one fourth (or more) of the cost of repairs. This claim is not sustainable. In the first place, the insurance was not of the roof, but of the house. In the absence of any qualifying stipulation in the policy, the measure of damage would be the difference between the value of the house just before the storm and its value just after. The policy here contains stipulations which qualify the measure of liability and render applicable a different rule. One of these is the provision limiting the liability to an amount not exceeding what "it would cost to repair or replace the same with material of like kind and quality, . . without allowance for any increased cost of repair or reconstruction by reason of any ordinance or law regulating construction or repair," etc. The other stipulation is that it shall be optional with the company "to repair, rebuild, or replace the property lost or damaged with other of like kind and quality within a reasonable time, on giving notice of its intention so to do within thirty days after the receipt of the proof of loss herein required." In both these stipulations the expression "material of like kind and quality" refers to the kind and quality used in the original construction. There is no plea and no contention that the roof could have been repaired by using old shingles. Under the testimony of C. C. Pacetti, a witness for the defendant, the jury was authorized to find that the amount paid by the plaintiff for repairs was reasonable, and there was no evidence to the contrary. Consequently, under the policy and the pleadings and evidence, the loss was the sum necessarily expended to repair the roof. See Code, § 56-704; Maryland Motor-Car Co. v. Smith (Tex. Civ. App.), 254 S. W. 526; U. S. Fidelity Co. v. Corbett, 35 Ga. App. 606 (134 S. E. 336); Home Ins. Co. v. Harrison, 48 Ga. App. 705 (173 S. E. 198). The verdict was for that amount, and there was no error in overruling the general grounds of the motion for new trial.

■ Ground 4 of the motion, complaining that the charge of the court submitted to the jury only the question of the amount of the loss, is not well taken, because the other questions raised in grounds 5, 6, 7, and 8 were concluded by the former decision reversing the judgment of nonsuit, they having been presented in the brief of the insurance company on the former hearing in this court. Ground 5 complains that the court erred in not charging the jury on the defense that the policy provided that the amount of loss should be payable sixty days after receipt of proof of loss, and ascertainment of loss either by agreement in writing between the parties or by filing an award with the company, the answer having alleged that there had never been an ascertainment of the loss either by agreement or by an award, and therefore there could be no recovery. The court was not required to charge as to this contention, because the policy provided for an award only on the written demand of either party, and there was no evidence of such a demand. There was no request to charge. Besides, the contention is unsound in claiming that the company could be relieved of liability by refusing to agree with the insured as to the amount of loss, no demand for appraisers by the insured having been made. This provision in a policy must be expressly made a condition precedent to bringing suit, in order to bar the insured from instituting suit. *Liverpool &c. Ins. Co.* v. *Creighton,* 51 *Ga.* 95. Furthermore, this point was argued when the judgment of nonsuit was considered by this court. Ground 6 of the motion complains that the court did not charge on the issue that the defendant, under the contract, had the right to repair, rebuild, or replace the lost property with other of like kind and quality, within a reasonable time, on giving notice of its intention so to do within thirty days after receipt of proof of loss, but that the plaintiffs had completely repaired the damage before the defendant had any notice from the plaintiffs that there had been a loss, and the defendant was deprived of its right to repair, etc. There was no request for a charge on this subject. But the question was presented when the judgment of nonsuit was under review, and is therefore concluded by the decision heretofore rendered. Ground 7 complains that the court failed to charge on the plea of the defendant that it was deprived of its right to have the damaged property exhibited to it by the plaintiff having repaired the damage before

any notice was given to the defendant. The evidence did not show any request by the defendant to have the property exhibited to it, nor is any reason shown why the cost of repair could not have been estimated by the defendant after the repair by the plaintiffs. But this question also was presented when the case was here before. Ground 8 complains that the court refused a request to charge the jury that actual notice to an agent of any matter connected with the agency was actual notice to the principal. This claim that the owners of the building were chargeable with the knowledge of their renting agents of the time when the storm occurred was necessarily involved in the question whether a nonsuit was proper, and in the decision of this court reversing the judgment of nonsuit. The defendant being thus concluded, the court did not err in refusing the request to charge.

The question whether the court erred in charging as to penalty and attorney's fees is immaterial, since the verdict did not include any finding therefor. It was not error to overrule the motion for new trial.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*